Reed Zars
Wyo. Bar No. 6-3224
Attorney at Law
910 Kearney Street
Laramie, WY 82070
(307) 745-7979
reed@zarslaw.com

*Attorney for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| WESTERN WATERSHEDS PROJECT; NATIONAL PRESS PHOTOGRAPHERS ASSOCIATION; NATURAL RESOURCES DEFENSE COUNCIL, INC.; | ) ) ) ) | Civil No. 15-CV-169-s |
| *Plaintiffs* | ) ) | |
| v. | ) ) | |
| PETER K. MICHAEL, in his official capacity as Attorney General of Wyoming; et al., | ) ) ) | |
| *Defendants.* | ) ) | |

## PLAINTIFFS' OPPOSITION TO STATE DEFENDANTS' MOTION TO EXTEND AND STAY DISCOVERY DEADLINE

This Court should deny State Defendants' motion to delay their expert disclosure deadline because there is no good cause for the proposed delay. Fed. R. Civ. P. 16(b)(4).

## FACTUAL BACKGROUND

About a month ago, the parties jointly proposed a revised scheduling order that this Court entered. ECF No. 85. That scheduling order provides for the parties to stagger their expert disclosures. Defendants' disclosure was to follow Plaintiffs' by a month, to allow Defendants time to develop a rebuttal. *Id.* ¶¶ 7-8. The order provided an extra three weeks, following both sides' disclosures, for expert depositions. *Id.* ¶ 9.

As required by this Court's revised scheduling order, *see id.* ¶ 7, Plaintiffs produced the report of their expert, Dr. Stacy Woods, on March 9, 2018. *See* ECF No. 86, at 2; ECF No. 89-1. State Defendants subsequently asked to depose Dr. Woods. *See* Wall Decl., Ex. A The sole date State Defendants proposed—then, or ever—was April 5, 2018, three business days before their own expert disclosure was due. *See id.*; ECF No. 85, ¶ 8. Plaintiffs were not available on April 5.

Plaintiffs promptly offered to make Dr. Woods available on April 11, a few days after the State Defendants' proposed date, or on April 30. Wall Decl., Ex. A. Both dates fell within the scheduling order's expert deposition period. ECF No. 85, ¶ 9. State Defendants' counsel suggested he would take Dr. Woods' deposition on April 11, *if* Plaintiffs would stipulate to an extension of State Defendants' April 10 expert disclosure deadline. *See* Wall Decl., Ex. A. Plaintiffs declined to agree to this extension, for reasons

discussed below, but made clear that Dr. Woods remained available on April 11. *See* Wall Decl., Exs. A, B.

Rather than offering any other date before their disclosure deadline, State Defendants filed their motion. Then, the next business day, they informed Plaintiffs that they were ready to move forward with Dr. Woods' deposition on April 11. The only question is whether State Defendants will be required to make their expert disclosure on the date that the parties agreed to and that this Court then ordered.

## ARGUMENT

Scheduling order deadlines "may be modified only for good cause and with the judge's consent." *Lehman Bros. Holdings Inc. v. Universal Am. Mortg. Co.*, 300 F.R.D. 678, 681 (D. Colo. 2014) (quoting Fed. R. Civ. P. 16(b)). State Defendants' motion to delay their expert disclosure should be denied because their reasons — *i.e.*, (a) Dr. Woods' deposition could not be taken on the sole date State Defendants proposed, and (b) they would prefer to take Plaintiffs' expert's deposition before making their own disclosure — do not provide good cause.

To show good cause to modify a scheduling order, a party must have been "diligent in attempting to meet the deadlines." *Strope v. Collins*, 315 Fed. Appx. 57, 61 (10th Cir. 2009) (citation omitted); *see Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n. 4 (10th Cir. 2006); *Lehman Bros. Holdings*, 300 F.R.D. at 681. "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) (internal quotation

and citation omitted). Nor is the "normal press of business experienced by a party's counsel" necessarily good cause, either. *Bd. of Cty. Comm'rs of La Plata v. Brown Grp. Retail, Inc.*, No. 08-cv-00855-LTB-KMT, 2010 WL 582150, at *1 (D. Colo. Feb. 12, 2010).

The existing scheduling order provides for Plaintiffs' and Defendants' expert disclosures by specified dates, and contemplates that depositions of both sides' experts may proceed *after* mutual expert disclosures. ECF No. 85, ¶¶ 7-9. No early deposition deadline is set for Plaintiffs' expert. *See id.*

State Defendants offered a single date for Dr. Woods' deposition, a date just three working days before their own expert disclosure deadline. They then insisted that if they could not have that date, their expert disclosure must be delayed. This does not demonstrate diligence. Defendants will depose Dr. Woods on April 11, within the scheduling order's expert discovery period. That State Defendants must wait four business days to take that deposition is not good cause to delay their own disclosure.

Perhaps more importantly, State Defendants have shown no convincing need to depose Dr. Woods before making their own expert disclosure. They state a vague wish to "explore" Dr. Woods' opinions "more fully," Mot. 1, but they do not need a deposition to understand her opinions. Dr. Woods' expert report, disclosed almost a month ago, is 48-pages long. *See* ECF No. 89-1. Pursuant to Rule 26(a)(2), the report sets forth "a *complete* statement of *all*" Dr. Woods' opinions in this case, the full "basis and reasons for" those opinions; the "facts [and] data" she considered; all the exhibits she will use; and her qualifications. Fed. R. Civ. P. 26(a)(2)(B) (emphasis added). Plaintiffs'

3

counsel has twice invited State Defendants to identify any incompleteness that they may perceive in Dr. Woods' report, but they have identified none. *See* Wall Decl., Ex. A. Thus, Dr. Woods' report provides a full statement of her opinions and their bases, and that is all that State Defendants need to prepare a rebuttal. *Cf.* Fed. R. Civ. P. 26 advisory committee's note to 1993 amendment (stating that expert reports will make expert depositions unnecessary in many cases).

One indication that State Defendants' expert does not *need* to review Dr. Woods' deposition transcript before preparing a rebuttal report is that State Defendants did not seek to depose Dr. Woods until three business days before their expert's report was due. This timing would not have allowed State Defendants' expert's analysis to be meaningfully informed by a transcript of Dr. Woods' deposition. But this timing would have forced Dr. Woods to testify before she knew what the defense expert would say.[1]

Expert depositions should not be exercises in surprise. Such depositions are more efficient and more useful when *both* sides' experts have a chance to review the other's reports in advance. After all, "[a] 'gotcha' moment is of much less use than an expert's reasoned analysis." *MedImmune, LLC v. PDL BioPharma, Inc.*, No. C 08-5590 JF (HRL),

---

[1] State Defendants also suggest that Dr. Woods' deposition might allow them to decide not to use an expert. Taking Dr. Woods' deposition on April 5 would not have afforded State Defendants significant savings, however; given that their expert's report was due three working days after April 5, their expert presumably would have largely completed his or her work by the time of Dr. Woods' deposition. State Defendants can still decide not to use an expert after deposing Dr. Woods, and withdraw their disclosure, if they wish to save future expense.

4

2011 WL 61191, at *8 (N.D. Cal. Jan. 7, 2011). While a delay might possibly allow State Defendants to catch Dr. Woods by surprise, it would not serve the truth-seeking function of litigation. *Cf. Alfred v. Caterpillar, Inc.*, 262 F.3d 1083, 1087 (10th Cir. 2001) (noting that "[t]he truth-seeking function of litigation is best served" when litigants do not launch "gotcha" expert exclusion motions).

Plaintiffs will be prejudiced by delay in another way: The Tenth Circuit has held that Wyoming's data censorship laws restrict Plaintiffs' speech, and are subject to First Amendment scrutiny. *See W. Watersheds Project v. Michael*, 869 F.3d 1189, 1192 (10th Cir. 2017). The State continues to apply the statutes anyway, chilling Plaintiffs' speech. Plaintiffs have a First Amendment interest in moving this case forward quickly.[2]

The record does not support State Defendants' claim that Plaintiffs earlier obtained a two-month extension to "accommodate" a "chang[e] [of] [Plaintiffs'] collective minds" about using experts. Mot. 2. No one's mind changed, and Defendants knew long ago that Plaintiffs might use an expert. Indeed, State Defendants' interrogatories, served last year, inquired about "each expert witness whose testimony Plaintiff intends to introduce." *See* Wall Decl., Ex. C, ¶ 16. Plaintiffs' 2016 discovery responses, served *before the appeal in this case*, referenced potential experts. *See* Wall

---

[2] State Defendants mistakenly suggest (Mot. 3) that, because Plaintiffs had asked State Defendants to decide by April 2 whether they would depose Dr. Woods on April 11—*i.e.*, to decide in time for Plaintiffs' counsel to make travel arrangements—Dr. Woods could not be deposed before the Court ruled on State Defendants' motion. That suggestion is a non sequitur. Plaintiffs never conditioned Dr. Woods' availability on the State Defendants not seeking an extension. *See* Wall Decl., Exs. A, B.

Decl., Ex. D, at 7. Thus, the parties' March 2018 joint proposal to modify the discovery schedule, ECF No. 84, did not accommodate a change in *Plaintiffs'* minds, but rather accommodated *State Defendants'* interest in having Plaintiffs' expert disclosure before summary judgment briefing, to allow State Defendants time to develop a rebuttal. *See* ECF No. 84, ¶¶ 10-12. Plaintiffs certainly did not need the two months, since absent the scheduling change, they could have disclosed their expert any time up to 90 days before trial. *See* Fed. R. Civ. P. 26(a)(2)(D). The two-month delay served State Defendants' needs. That delay does not justify their demand for further delay.

Defendants have had Dr. Woods' report for almost a month, and will depose her on April 11. Nothing in the present scheduling order required Dr. Woods to be available on April 5, the only date State Defendants ever proposed. No case suggests they have an entitlement to a deposition before they disclose their own expert. If such a pre-disclosure deposition of Dr. Woods was truly critical to them, they should have suggested other dates in March or early April for that deposition. State Defendants' motion to delay their disclosure should be denied.[3]

//

---

[3] If the Court grants an extension, it should not last beyond April 16, the third working day after Dr. Woods' April 11 deposition. That is the amount of time that State Defendants would have had to make their expert disclosure, following Dr. Woods' deposition, if they had deposed her on April 5, as they proposed.

April 5, 2018                          Respectfully submitted,

/s/ Michael E. Wall_____

Michael E. Wall
Natural Resources Defense Council
111 Sutter Street, 21st Floor
San Francisco, CA 94104
(415) 875-6100
mwall@nrdc.org
*Counsel for Natural Resources Defense Council*

Reed Zars
Attorney at Law
910 Kearney Street
Laramie, WY 82070
(307) 745-7979
reed@zarslaw.com
*Counsel for Plaintiffs*

David Muraskin
Leslie A. Brueckner
Public Justice
555 12th St., Suite 1230
Oakland, CA 94607
(510) 622-8205
lbrueckner@publicjustice.net
dmuraskin@publicjustice.net
*Counsel for Western Watersheds Project and
National Press Photographers Association*

Justin Marceau
University of Denver Sturm College of Law
(for identification purposes only)
2255 East Evans Ave.
Denver, CO 80208
(303) 871-6000
jmarceau@law.du.edu
*Counsel for Western Watersheds Project and
National Press Photographers Association*

Deepak Gupta,
Gupta Wessler PLLC
1735 20th Street, NW
Washington, DC 20009
(202) 888-1741
deepak@guptawessler.com
*Counsel for National Press Photographers
Association*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 5, 2018, I electronically filed the foregoing with the Clerk of the U.S. District Court of Wyoming using the CM/ECF system which sent a notice of electronic to all counsel of record.


/s/ Michael E. Wall _____
Michael E. Wall