Matt Gaffney
Wyoming Bar No. 6-4045
Sublette County Attorney's Office
43 East Pine Street
P.O. Box 1010
Pinedale, Wyoming 82941
307.367.2300
*Attorney for Defendant Michael Crosson*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT; NATIONAL PRESS PHOTOGRAPHERS ASSOCIATION; and NATURAL RESOURCES DEFENSE COUNCIL, INC; <br><br> *Plaintiffs* <br><br> v. <br><br> BRIDGET HILL, in her official capacity as Attorney General of Wyoming; TODD PARFITT, in his official capacity as Director of the Wyoming Department of Environmental Quality; PATRICK L. LEBRUN, in his official capacity as County Attorney of Fremont County, Wyoming; JOSHUA SMITH, in his official capacity as County Attorney of Lincoln County, Wyoming; MICHAEL CROSSON, in His official capacity as County Attorney of Sublette County, Wyoming. <br><br> *Defendants.* | Civil No. 15-CV-169-s |

## MEMORANDUM IN SUPPORT OF DEFENDANT CROSSON'S MOTION

Defendant Michael Crosson, County and Prosecuting Attorney for Sublette County, Wyoming, by and through his undersigned counsel, respectfully submits this memorandum in support of the accompanying motion and order.

1

## BACKGROUND HISTORY

Plaintiffs prevailed in the above captioned matter and are now requesting fees pursuant to 42 U.S.C. §1988 and Local Rule 54.3 in the amount of $795,542.00 for attorney fees and $21,396.24 in expenses.

Counsel for Defendant Crosson attempted to settle this matter with Counsel for Public Justice in December 2018 for an amount directly attributed to Plaintiffs' time spent litigating matters specific to Sublette County. Plaintiffs rejected that settlement offer.

While not binding on this Court, *Hendrickson v. Branstad*, 934 F.2d 158 (1991) provides relevant and instructive guidance in this matter. There the Court held that "the district court based its fee allocation on the interrelated nature of the claims against the state and county officials, the primary culpability of the state officials, and counsel's devotion of only ten percent of their time seeking relief from county officials. These are legitimate grounds for the court's allocation." *Id*. at 164.

In this case, Sublette County played no role in drafting, amending or approving the statutes in question. Sublette County never enforced, threatened to enforce, or implied that the offending statutes would be enforced against any individual or group. During litigation, Sublette County submitted no discovery requests or interrogatories. It did not retain any expert witnesses. It did not appeal any Court decision. At best, giving every favorable inference to Plaintiffs Sublette County was an insignificant party. Plaintiffs suffered little to no economic harm, or really any harm whatsoever, by Sublette County's actions during the past four years of litigation. It is clear that Sublette County did not drive the costs of litigation in this matter and awarding the demand for attorney fees by Plaintiffs against Sublette County or Defendant Crosson is neither equitable nor reasonable.

Defendant Crosson respectfully requests this Court to only award fees against Defendant Crosson or Sublette County directly attributable to Plaintiffs' litigation efforts against Sublette County or the Sublette County Attorney, and to dismiss Defendant Crosson as he is no longer a necessary or proper party to this action.

Dated this 6th of May, 2019

/s/ Matt Gaffney

Matt Gaffney
Wyoming Bar No. 6-4045
Sublette County Attorney's Office
43 East Pine Street
P.O. Box 1010
Pinedale, Wyoming 82941
307.367.2300
*Attorney for Defendant Michael Crosson*

## CERTIFICATE OF SERVICE

This is to certify that on the 6th of May 2019, the undersigned served the forgoing **Memorandum** to all counsel of record using to the CM/ECF System:

/s/ Matt Gaffney
Matt Gaffney
Wyoming Bar No. 6-4045
Sublette County Attorney's Office
43 East Pine Street
Pinedale, Wyoming 82941
307.367.2300
*Attorney for Defendant Michael Crosson*